OPINIONS OF THE SUPREME COURT OF OHIO
    The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
    Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
    NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Rodgers, Sr., Appellant, v. Kapots, Chairman, et al., Appellees.
[Cite as Rodgers v. Kapots (1993),      Ohio St.3d    .]
Habeas corpus not proper remedy to address every concern
    prisoners have about their legal rights or status.
    (No. 92-1724 -- Submitted July 8, 1993 -- Decided October
6, 1993.)
    Appeal from the Court of Appeals for Allen County, No.
CA92-07-0074.
    Appellant, Otis L. Rodgers, Sr., filed a petition for a
writ of habeas corpus in the Court of Appeals for Allen County,
alleging that appellees, Raymond E. Kapots, Chairman of the
Ohio Parole Board, and Harry K. Russell, Warden of the Lima
Correctional Institution where appellant is imprisoned, are
unlawfully confining him.  Appellant contended that he was
being denied parole eligibility at a time when his
codefendants, two younger white women, had been paroled.
    The court of appeals dismissed the petition, finding
habeas corpus "is inappropriate to test the validity of Ohio's
'parole eligibility hearing date scheme.'"
    The cause is before this court upon an appeal as of right.

    Otis L. Rodgers, Sr., pro se.

    Per Curiam.  Habeas corpus is not the proper remedy to
address every concern a prisoner has about his legal rights or
status.  R.C. 2725.05 states:
    "If it appears that a person alleged to be restrained of
his liberty is in the custody of an officer under process
issued by a court or magistrate, or by virtue of the judgment
or order of a court of record, and that the court or magistrate
had jurisdiction to issue the process, render the judgment, or
make the order, the writ of habeas corpus shall not be
allowed.  If the jurisdiction appears after the writ is
allowed, the person shall not be discharged by reason of any
informality or defect in the process, judgment, or order."
    Petitioner does not question the jurisdiction of the trial
court; he questions the constitutionality of R.C. 2967.13
(parole eligibility) as applied to him.  Testing this

constitutional issue is not the function of the state writ of habeas corpus, which is not coextensive with the federal writ. Brewer v. Dahlberg (C.A. 6, 1991), 942 F.2d 328, 337. Petitioner must elect some other cause of action. Stahl v. Shoemaker (1977), 50 Ohio St.2d 351, 354, 4 O.O. 3d 485, 487-488, 364 N.E.2d 286, 287-288.

Accordingly, the judgment of the court of appeals is affirmed.

                                        Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.