OPINION
{¶ 1} Petitioner David D. Palmer appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which dismissed his petition for Writ of Habeas Corpus brought against Respondent Julius Wilson, Warden of the Richland Correctional Institution where petitioner is incarcerated.
 {¶ 2} Appellant's brief makes the following statement of assignment of errors:
 {¶ 3} "Petitioner's brief showing the assignments of errors would never have been brought to the attention of this honorable court until the court of appeals 2nd district honored petitioner's mandamus, Case No. CA 20437, which is still pending, through an order for respondent to answer where one of the documents went and why they haven't issued a copy to the petitioner/appellant. The true copy of an original is missing from the file.
 {¶ 4} "ORC 2941.30 Spells out the trial court must give defendant opportunity to plead to indictments, and is covered under law by ORC 2937.02
— 2937.07, and criminal rule 5, and 11. It states that this is mandatory upon the trial court, and a silent record speaks for the court in this habeas action. See State v. Boerst, 45 Ohio App. 2nd 240, which invalidates the whole proceedings.
 {¶ 5} "The Richland County Court has violated petitioner's rights, by taking away his `manifest injustice', and stating that the merits were on speedy trials rights, and not indictments as the petition shows. It is clear the honorable judge did not read the petition, and relied only on the response of the counsel for the state."
 {¶ 6} The record indicates appellant is presently incarcerated at the Richland Correctional Institute, serving a sentence for two counts of rape of a person less than 13 years of age. Appellant was convicted by the Montgomery County Court of Common Pleas, and the Montgomery County Court of Appeals affirmed his convictions in State v. Palmer (July 25, 1997), Montgomery Appellate No. 16017.
 {¶ 7} Prior to appellant's transfer to the Richland Correctional Institution, he was incarcerated at the Orient Correctional Institution. While there, appellant filed a petition for a writ of habeas corpus in the Pickaway County Court of Common Pleas. Appellant claimed he was entitled to immediate release from confinement because the Montgomery County Court of Common Pleas had violated his right to a speedy trial. In 2001, the Pickaway County Court of Common Pleas dismissed his petition for writ of habeas corpus, ruling this claim is not cognizable in habeas corpus and is barred by the doctrine of res judicata because appellant had already raised the issue in his direct appeal. Thereafter, the Pickaway County Court of Appeals affirmed the lower court's decision, seePalmer v. State, Pickaway Appellate No. 01-CA-9, 2001-Ohio-2589.
 {¶ 8} In 2002, appellant filed a second petition for writ of habeas corpus in the Richland County Court of Common Pleas, again raising the issue of speedy trial violations in the criminal trial in Montgomery County. The Richland County Court of Common Pleas dismissed appellant's petition, finding speedy trial violations cannot be reviewed in habeas corpus actions and an inmate is not permitted to file successive petitions for habeas corpus. This court affirmed the Richland County Court of Common Pleas decision in Palmer v. Rose, Richland Appellate No. 02-CA-51, 2003-Ohio-1195.
 {¶ 9} In the petition at bar, appellant sought a writ for immediate release from confinement because he was never arraigned on his criminal charges in Montgomery County Common Pleas Court. The court of common pleas dismissed this petition, but misstated the claim as one of violation of speedy trial rights. The court also found this petition was a successive petition and thus barred from review on the basis of res judicata.
 {¶ 10} The Ohio Supreme Court has repeatedly held the doctrine of res judicata bars the filing of the successive habeas corpus petitions if the claim could have been raised in the earlier petition, see, e.g., State exrel. Johnson v. Ohio Department of Rehabilitations Corrections,95 Ohio St. 3d 70, 2002-Ohio-1629.
 {¶ 11} Appellant urges he had not discovered the basis of this petition until he was provided with the docket sheet of his original criminal case in Montgomery County.
 {¶ 12} Appellant cannot succeed on this claim for several reasons. First, the record indicates appellant was arraigned on the original charges, and even if he had not been formally arraigned, he waived this requirement in entering his pleas: first, a plea of not guilty, then a plea of not guilty by reason of insanity, and finally a plea of no contest.
 {¶ 13} In addition, this particular claim would not be cognizable in a petition for habeas corpus. Habeas corpus generally challenges the jurisdiction of the sentencing court, see Wierman v. Ohio Adult ParoleAuthority (1988), 38 Ohio St. 3d 222. Habeas corpus is an extraordinary writ and does not lie unless there is no adequate legal remedy. If appellant's claim had merit, it could have been raised in his direct appeal.
 {¶ 14} Although the trial court misread appellant's petition, nevertheless, the court's finding that the petition was a successive petition and barred by res judicata is correct. The court properly held under Ohio law, an inmate is not permitted to file successive petitions for habeas corpus regardless of the issue the petition raises. Thus the court was correct on the procedural grounds even though it misstated the factual basis for appellant's claims.
 {¶ 15} We find the trial court did not err in dismissing appellant's petition. Accordingly, the assignments of error are overruled.
 {¶ 16} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Gwin, J., Boggins, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.