[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lopez v. Warden,* Slip Opinion No. 2018-Ohio-4061.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4061

LOPEZ, APPELLANT, *v.* WARDEN, MADISON CORR. INST., APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lopez v. Warden,* Slip Opinion No. 2018-Ohio-4061.]

*Habeas Corpus—Successive habeas petition arguing issue already litigated barred by res judicata—Court of appeals' dismissal of petition affirmed.*

(No. 2017-1805—Submitted May 22, 2018—Decided October 9, 2018.)

APPEAL from the Court of Appeals for Madison County, No. CA 20170017.

————————

**Per Curiam.**

{¶ 1} We affirm the judgment of the Twelfth District Court of Appeals dismissing the petition of appellant, Juan Ramone Lopez, for a writ of habeas corpus.

{¶ 2} In October 1998, Lopez was arrested on suspicion of murder. At that time, Lopez identified himself as "Eduardo Bonilla." He was subsequently indicted under the name "Eduardo Bonilla aka Juan Ramone Lopez" and convicted of seven charges—including complicity to commit aggravated murder, conspiracy to

commit aggravated murder, complicity to commit murder, and complicity to commit kidnapping. The Greene County Common Pleas Court sentenced Lopez to an aggregate prison term of life with the possibility of parole after 30 years. The court of appeals affirmed Lopez's conviction and sentence. *State v. Bonilla*, 2d Dist. Greene No. 99CA0118, 2001 WL 236762 (Mar. 2, 2001), *jurisdiction declined*, 93 Ohio St.3d 1446, 756 N.E.2d 111 (2001).

{¶ 3} In September 2017, Lopez filed a petition for a writ of habeas corpus in the Twelfth District Court of Appeals, arguing that the trial court lacked jurisdiction to convict him because the juvenile court had not conducted a bindover proceeding as required by R.C. 2152.12 and Juv.R. 30. Lopez claims that his name was not Eduardo Bonilla in 1998. Lopez insists that he adopted the identity of Eduardo Bonilla—who was an adult in 1998—only to purchase cigarettes and beer. According to Lopez, he was actually a juvenile on the date of the crimes. Consequently, Lopez argues that the protections afforded to juveniles in R.C. 2152.12 and Juv.R. 30 applied to him. Appellee, the warden of the Madison Correctional Institution, filed a motion to dismiss asserting that Lopez failed to state a claim upon which relief could be granted under Civ.R. 12(B)(6). Lopez opposed the motion.

{¶ 4} In November 2017, the court of appeals dismissed Lopez's petition, holding that he had an adequate remedy in the ordinary course of the law through which he could raise his bindover claim and that his habeas claim was barred by res judicata.

{¶ 5} We affirm the court of appeals' judgment only as it pertains to dismissing Lopez's petition on res judicata grounds. When petitioners have appealed adverse judgments in successive habeas corpus cases, we have applied res judicata to bar those claims. *State ex rel. Childs v. Lazaroff*, 90 Ohio St.3d 519, 520, 739 N.E.2d 802 (2001).

**{¶ 6}** In 2009, Lopez raised this very claim in an original action for a writ of habeas corpus in this court. *Lopez v. Sheets*, 124 Ohio St.3d 1439, 2010-Ohio-188, 920 N.E.2d 370. Under these circumstances, we may take judicial notice of our own docket. *See State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 16, 661 N.E.2d 170 (1996). Moreover, Lopez had fully litigated this claim in a postconviction petition and lost. *State v. Bonilla*, 2d Dist. Greene No. 2011 CA 46, 2014-Ohio-623 (affirming the trial court's judgment that Lopez was an adult at the time that the crimes were committed). "Res judicata precludes a petitioner from using habeas corpus to gain successive appellate review of previously litigated issues." *State ex rel. Gibson v. Sloan*, 147 Ohio St.3d 240, 2016-Ohio-3422, 63 N.E.3d 1172, ¶ 9. Accordingly, the court of appeals correctly determined that res judicata precludes Lopez from raising his bindover claim in this habeas corpus action.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

Robinson & Brandt, P.S.C., and Jeffrey M. Brandt, for appellant.

Michael DeWine, Attorney General, and Stephanie Watson, Assistant Attorney General, for appellee.

_____