[Cite as *Palmer v. May*, 2019-Ohio-4939.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DAVID D. PALMER, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Petitioner | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| HAROLD MAY, WARDEN, | : | Case No. 2019 CA 0100 |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Writ of Habeas Corpus

JUDGMENT:            Dismissed

DATE OF JUDGMENT:            December 2, 2019

APPEARANCES:

For Petitioner

DAVID D. PALMER, Pro Se
#329-601
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44901

For Respondent

DAVE YOST
Attorney General

By: STEPHANIE L. WATSON
Principal Assistant Attorney General
Corrections Litigation Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215-6001

*Baldwin, J.*

**{¶1}** On October 30, 2019, David Palmer filed a petition for writ of habeas corpus requesting an immediate discharge from prison, expungement of all his convictions, and a prompt evidentiary hearing on all of the claims he raises in his habeas corpus petition. The Ohio Attorney General, on behalf of Respondent, Harold May, Warden, moved to dismiss Mr. Palmer's petition under Civ.R. 12(B)(6).

**{¶2}** The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶10. If a petition does not satisfy the requirements for a properly filed petition for writ of habeas corpus or does not present a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the court. *Flora v. State*, 7th Dist. Belmont No. 04 BE 51, 2005-Ohio-2383, ¶5.

**{¶3}** "To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *State ex rel. Whitt v. Harris*, ____ Ohio St.3d ____, 2019-Ohio-4113, ¶6, citing R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶10. Habeas corpus is not available when an adequate remedy at law exists. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶8.

**{¶4}** For the following reasons, we grant the attorney general's Motion to Dismiss. First, Mr. Palmer previously filed multiple habeas corpus petitions and "[r]es judicata precludes a petitioner from using habeas corpus to gain successive appellate review of previously litigated issues." *Lopez v. Warden, Madison Corr. Inst.*, 154 Ohio St.3d 192, 2018-Ohio-4061, 112 N.E.3d 905, ¶6, quoting *State ex rel. Gibson v. Sloan*, 147 Ohio St.3d 240, 2016-Ohio-3422, 63 N.E.3d 1172, ¶9. In *Palmer v. Wilson*, 5th Dist. Richland No. 2005-CA-2, 2005-Ohio-2346, we reviewed the various habeas corpus petitions previously filed by Mr. Palmer. Mr. Palmer filed one petition in the Pickaway County Common Pleas Court and argued that he was entitled to immediate release from confinement because the Montgomery County Court of Common Pleas violated his speedy trial rights. *Id.* at ¶7. The Pickaway County Common Pleas Court dismissed Mr. Palmer's petition. *Id.* Mr. Palmer appealed and the court of appeals affirmed the trial court's decision. *Id.*

**{¶5}** Thereafter, in 2002, Mr. Palmer filed another writ of habeas corpus in the Richland County Court of Common Pleas again raising the speedy trial issue. *Id.* at ¶8. The court dismissed Mr. Palmer's petition and we affirmed the trial court's dismissal. *Id.*, *see Palmer v. Rose*, 5th Dist. Richland No. 02-CA-51, 2003-Ohio-1195. In 2005, Mr. Palmer filed a third petition for writ of habeas corpus on the basis that he was never arraigned on his criminal charges in the Montgomery County Common Pleas Court. *Palmer v. Wilson*, 2005-Ohio-2346, at ¶9. We affirmed the trial court's dismissal of the petition. *Id.* at ¶15.

**{¶6}** As the Ohio Supreme Court explained in *Lopez v. Warden, Madison Corr. Inst.*, 2018-Ohio-4061, at ¶6, "[u]nder these circumstances, we may take judicial notice of

our own docket." In making this statement, the Court referenced its decision in *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 15-16, 75 Ohio St.3d 12 (1996), that held:

> *Kramer v. Time Warner, Inc.* (C.A.2, 1991), 937 F.2d 767, 773, allow[s] courts to take judicial notice of appropriate matters in considering a motion to dismiss for failure to state a claim under the similarly worded Fed.R.Civ.P. 12(b)(6) without having to convert it to a motion for summary judgment; see, also, *First Michigan Bank & Trust Co. v. P. & S. Bldg.* (Feb. 16, 1989), Meigs App. No. 413, unreported, at 6, 1989 WL 11915 ("Conceivably a court may take judicial notice of adjudicative facts under Evid.R. 201 in determining a Civ.R. 12(B)(6) motion * * *.").

*Id.* at 16.

{¶7}   Here, we take judicial notice of the 2002 and 2005 petitions for writs of habeas corpus previously filed by Mr. Palmer in the Fifth District Court of Appeals. In his present petition, Mr. Palmer adds additional grounds for relief, including that he is unlawfully imprisoned because: (1) His no contest plea to two counts of rape of a minor were obtained by "intentional state imposed strong-armed coercive brutal living jail conditions for 427 days; (2) the trial court unlawfully obtained his no contest plea by employing "trickle" (sic) and failure to inform him during the plea colloquy that he may receive consecutive sentences; (3) the trial court employed "tricker" (sic) by not informing him that it would "arbitrarily impose additional sentence sanction conditions to 'enroll in the Polaris Program' 14 years after imposing the initial sentence"; (4) trial court and defense counsel strong armed him to waive his speedy trial rights by a false promise for needed medical treatment and "due to brutal jail living conditions and false hopes to evade

death"; and (5) "[t]he falsifications and criminal alterations of the indictments violated criminal statutory laws and controlling authorities of law." *See* Petition for Issuance of Writ of Habeas Corpus, p. 4.

**{¶8}** Mr. Palmer could have raised these arguments in his prior habeas corpus petitions, but failed to do so. In *State ex rel. Childs v. Lazaroff*, 90 Ohio St.3d 519, 739 N.E.2d 802 (2001), the Ohio Supreme Court held that because petitioner filed two habeas actions in which he could have raised the present claim, res judicata barred him from filing successive habeas corpus petitions. *Id.* at 520. Likewise, Mr. Palmer has filed at least three previous habeas corpus petitions wherein he could have raised the issues that he raises in his current petition. Therefore, res judicata bars his pending petition for writ of habeas corpus.

**{¶9}** Further, several of the issues Mr. Palmer raises in his current petition for habeas corpus are issues that he previously raised (*i.e.* arraignment and speedy trial issues). "Res judicata [also] precludes a petitioner from using habeas corpus to gain successive appellate review of previously litigated issues." *State ex rel. Gibson v. Sloan*, 147 Ohio St.3d 240, 2016-Ohio-3422, 63 N.E.3d 1172, ¶9.

**{¶10}** Second, Mr. Palmer's habeas corpus petition also fails because the various grounds he asserts in support of his petition are not cognizable in habeas corpus. *See Shroyer v. Banks*, 123 Ohio St.3d 88, 914 N.E.2d 368, 2009-Ohio-4080, ¶1 (validity of charging instrument and ineffective assistance of counsel); *State v. Holdcroft*, 137 Ohio St.3d 526, 1 N.E.3d 382, 2013-Ohio-5014, ¶18 (sentencing issues or errors); *Keith v. Bobby*, 117 Ohio St.3d 470, 884 N.E.2d 1067, 2008-Ohio-1443, ¶15 (fraud on the court); *Waites v. Gansheimer*, 110 Ohio St.3d 250, 2006-Ohio-4358, 852 N.E.2d 1204, ¶6

(conditions of confinement/health issues); *State ex rel. Rackley v. Sloan*, 150 Ohio St.3d 11, 78 N.E.3d 819, 2016-Ohio-3416, ¶8, citing *Pollock v. Morris*, 35 Ohio St.3d 117, 518 N.E.2d 1205 (1988) (validity of guilty plea); and *State ex rel. Rackley v. Sloan,* 2016-Ohio-3416, at ¶9, citing *Travis v. Bagley*, 92 Ohio St.3d 322, 323, 2001-Ohio-198, 750 N.E.2d 166 (speedy trial). Further, Mr. Palmer already asserted these grounds or should have done so in alternative legal remedies such as his direct appeal or post-conviction relief.

{¶11} Also, with regard to Mr. Palmer's claims for a speedy trial violation and that he was never properly arraigned, this Court previously concluded he waived these issues due to his plea and that these are not issues properly addressed by way of habeas corpus relief. *Palmer v. Wilson*, 2005-Ohio-2346, ¶¶8,13. Mr. Palmer's speedy trial argument was also addressed in his direct appeal. *See Palmer v. Rose*, 2003-Ohio-1195, ¶26, citing *State v. Palmer*, 2nd Dist. Montgomery No. 16017, 1997 WL 452010 (July 25, 1997).

{¶12} Third, the fact that Mr. Palmer's maximum sentence has not expired serves as another basis to deny his petition for habeas corpus. Habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully. *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998), citing *Morgan v. Ohio Adult Parole Auth.*, 68 Ohio St.3d 344, 346, 626 N.E.2d 939 (1994). Mr. Palmer attached the sentencing order to his petition that indicates the trial court sentenced him to a maximum sentence of 50 years. *See* Nunc Pro Tunc Termination Entry, Mar. 1, 2010. Expiration of his maximum sentence is March 29, 2045.[1]

---

[1] *See* Ohio Department of Rehabilitation and Correction website: https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A329601

**{¶13}** For the reasons set forth above, we grant the attorney general's Motion to Dismiss under Civ.R. 12(B)(6).

**{¶14}** The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

**{¶15}** MOTION GRANTED.

**{¶16}** CAUSE DISMISSED.

**{¶17}** COSTS TO PETITIONER.

**{¶18}** IT IS SO ORDERED.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.