[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bradford v. Palmer*, Slip Opinion No. 2024-Ohio-4929.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-4929

THE STATE EX REL. BRADFORD, APPELLANT, *v.* PALMER, WARDEN, APPELLEE.[1]

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bradford v. Palmer*, Slip Opinion No. 2024-Ohio-4929.]**

*Habeas corpus—Res judicata—Inmate precluded from seeking in a habeas action successive appellate review of issues that were or could have been litigated in his previous cases*—Lopez v. Warden followed—*Court of appeals' dismissal of petition affirmed.*

(No. 2023-1624—Submitted September 3, 2024—Decided October 15, 2024.)

APPEAL from the Court of Appeals for Mahoning County, No. 23 MA 0093, 2023-Ohio-4519.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER,

_____

1. Bradford named then-Warden Charmaine Bracy as the respondent in the court of appeals.  Bryant Palmer, the current warden, is automatically substituted as appellee under S.Ct.Prac.R. 4.06(B).

DeWine, Donnelly, Stewart, Brunner, and Deters, JJ.

**Per Curiam.**

{¶ 1} Appellant, Pele K. Bradford, is incarcerated at the Ohio State Penitentiary, where appellee, Bryant Palmer, is the warden. In August 2023, Bradford filed a petition for a writ of habeas corpus in the Seventh District Court of Appeals, seeking his immediate release from prison. The court of appeals dismissed the petition as a successive habeas petition barred by res judicata. Bradford has appealed to this court and has also filed several motions related to the litigation of this appeal. We deny all of Bradford's motions and affirm the judgment of the court of appeals.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} In connection with a January 2004 homicide, Bradford was convicted of aggravated murder, with two gun specifications, and having a weapon while under a disability and was sentenced to 24 years to life in prison. Bradford alleges, however, that before he was convicted of those offenses, he had reached a plea agreement with the State in exchange for his agreeing to testify in a separate case. He claims that under the plea agreement, he pleaded guilty to voluntary manslaughter instead of aggravated murder and was sentenced to an aggregate term of 14 years in prison. Sometime later, Bradford alleges, the State moved the trial court to vacate the sentence because Bradford had reneged on the plea agreement by refusing to testify in the other case. According to Bradford, the court granted the motion. Bradford appealed his convictions for the aggravated-murder and related offenses, and the court of appeals affirmed. *State v. Bradford*, 2005-Ohio-2208 (1st Dist.).

{¶ 3} In August 2023, Bradford filed a petition for a writ of habeas corpus in the Seventh District. Bradford's basic claim is that his 24-years-to-life sentence is void because the trial court lost jurisdiction over him when he allegedly pleaded

guilty to the lesser offense of voluntary manslaughter under a plea agreement with the State and was sentenced to 14 years in prison. Bradford requested his immediate release from prison.

**{¶ 4}** Bradford's petition included copies of commitment papers, as required by R.C. 2725.04(D). The commitment papers include the sentencing entry for Bradford's 2004 convictions and a sentencing entry for a 2007 escape conviction for which Bradford received an additional two-year prison sentence. Bradford's petition did not, however, include any sentencing entries related to his alleged voluntary-manslaughter conviction. Bradford alleged he had tried to obtain records of that conviction several times but was repeatedly informed they had been "deleted and/or removed from the docket, or destroyed." Bradford also filed an affidavit of prior civil actions, as required by R.C. 2969.25(A) for civil actions or appeals against a government entity or employee filed by an inmate in the court of appeals. The affidavit disclosed that Bradford had filed three prior state habeas petitions.

**{¶ 5}** The warden filed a motion to dismiss Bradford's petition. The warden questioned the veracity of Bradford's claim that he was originally convicted of voluntary manslaughter. The warden also argued that Bradford's habeas petition was barred by res judicata because he had previously sought habeas relief.

**{¶ 6}** The court of appeals dismissed Bradford's petition, finding it barred by res judicata as a successive habeas petition. 2023-Ohio-4519, ¶ 19. Bradford appealed to this court as a matter of right.

## II. ANALYSIS

### A. Successive habeas petition

**{¶ 7}** To be entitled to a writ of habeas corpus, Bradford must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 10. A writ of habeas corpus is not available when the petitioner has or had

an adequate remedy in the ordinary course of the law unless the trial court lacked jurisdiction. *State ex rel. Davis v. Turner*, 2021-Ohio-1771, ¶ 8.

{¶ 8} The court of appeals dismissed Bradford's petition because his affidavit of prior civil actions stated he had previously petitioned for habeas relief. 2023-Ohio-4519 at ¶ 15-19. The court found that the doctrine of res judicata applies to successive habeas corpus petitions, barring Bradford's claim. *Id.* at ¶ 19. On appeal, Bradford argues that res judicata cannot bar his habeas claim because the trial court lacked subject-matter jurisdiction once he allegedly was sentenced for voluntary manslaughter and that his sentence for aggravated murder therefore can be challenged at any time.

{¶ 9} Bradford's jurisdiction claim is based on our decision in *State v. Gilbert*, 2014-Ohio-4562. In *Gilbert*, a defendant indicted for aggravated murder agreed to plead guilty to a lesser offense in exchange for his agreeing to testify in the murder trial of another defendant. The trial court entered a final judgment of conviction, sentencing Gilbert to 18 years in prison. Gilbert, however, reneged on the plea agreement. On the State's motion, the trial court withdrew the plea agreement, vacated the original sentence, and eventually sentenced Gilbert to 18 years to life in prison. The court of appeals reversed the conviction based on its view that the trial court lacked authority to reconsider its final judgment after it had sentenced Gilbert. *Id.* at ¶ 6. We affirmed, holding that a trial court lacks subject-matter jurisdiction to vacate a defendant's conviction after a final judgment is issued under Crim.R. 32. *See id.* at ¶ 8-10, 13; *see also State v. Driggins*, 2023-Ohio-205 (7th Dist.) (applying and following *Gilbert*); *State v. Oliver*, 2016-Ohio-475, ¶ 17 (10th Dist.) (same).

{¶ 10} In his petition, Bradford cited *Gilbert*, *Driggins*, and *Oliver* for the proposition that the trial court lacked subject-matter jurisdiction to sentence him to 24 years to life in prison because it had already entered a final judgment of conviction under Crim.R. 32(C), imposing a lesser sentence. Despite Bradford's

jurisdiction claim, the court of appeals found Bradford's petition barred by res judicata as a successive habeas petition. The court of appeals noted that in 2020, Bradford unsuccessfully sought habeas relief based on his argument that the trial court lacked subject-matter jurisdiction because he was 17 years old at the time of his offenses. 2023-Ohio-4519, ¶ 16 (7th Dist.), citing *State ex rel. Bradford v. Bowen*, 2023-Ohio-1105. The court of appeals denied the writ because Bradford's birth certificate showed he was 25 years old at the time of the offenses; this court affirmed. *See* 2023-Ohio-4519 at ¶ 14-15. And in a 2023 habeas petition filed in this court, Bradford asserted that the trial court lacked subject-matter jurisdiction because the crimes occurred in the State of Kentucky. *See State ex rel. Bradford v. Bracy*, 2023-Ohio-4519, ¶ 17. We dismissed that petition sua sponte. *Id.*, citing 2023-Ohio-2664.

{¶ 11} In this case, the court of appeals found that Bradford had filed multiple prior habeas petitions and that the grounds he asserts in the latest petition could have been asserted in his first petition. Therefore, the court determined, Bradford's petition was a successive petition and was barred by res judicata.

{¶ 12} In applying res judicata to dismiss Bradford's petition, however, the court of appeals relied on the affidavit of prior civil actions that he filed with his petition under R.C. 2969.25(A). Because it is an affirmative defense that relies on evidence outside the complaint, res judicata is not a proper basis for granting a Civ.R. 12(B)(6) motion to dismiss. *See Jefferson v. Bunting*, 2014-Ohio-3074, ¶ 10-11; *see also Dailey v. Wainwright*, 2020-Ohio-4519, ¶ 11-13 (treating R.C. 2969.25 affidavit as evidence outside the pleadings).

{¶ 13} But even though the court of appeals erred in considering evidence outside the pleadings in dismissing Bradford's petition, that error does not merit reversal. *See State ex rel. McGrath v. Ohio Adult Parole Auth.*, 2003-Ohio-5062, ¶ 8 ("Reviewing courts are not authorized to reverse a correct judgment on the basis that some or all of the lower court's reasons are erroneous."). Our plenary authority

in extraordinary actions allows us to consider direct appeals as if they were cases originally filed in this court. *State ex rel. Evans v. McGrath*, 2018-Ohio-3018, ¶ 4. Under this plenary authority, we may take judicial notice of Bradford's prior habeas petitions. Indeed, we did just that in *Lopez v. Warden*, 2018-Ohio-4061, which involved a similar procedural posture to that of this case.

{¶ 14} In *Lopez*, the court of appeals had dismissed an inmate's habeas action under Civ.R. 12(B)(6), holding that he had an adequate remedy in the ordinary course of the law to raise his claim and that his habeas claim was barred by res judicata, *id.* at ¶ 4. We affirmed on res judicata grounds, taking judicial notice of our own docket and recognizing that Lopez had raised his habeas claim in a previous original action in this court. *Id.* at ¶ 6. "Under these circumstances, we may take judicial notice of our own docket." *Id.*

{¶ 15} The *Lopez* rationale applies here. Both of Bradford's prior habeas claims described above were asserted in this court, one in a direct appeal and the other in an original action. We may therefore take judicial notice of them. And we have held that res judicata bars the filing of successive habeas petitions. *Bevins v. Richard*, 2015-Ohio-2832, ¶ 4. Therefore, Bradford is precluded from seeking in a habeas action what amounts to successive appellate review of issues that were or could have been litigated in those previous cases. *See Lopez* at ¶ 6.

### B. Miscellaneous motions

{¶ 16} During the pendency of his appeal, Bradford filed eight separate motions in this court. Bradford's first five motions relate to his attempt to file an untimely reply brief, including two motions for judicial notice. Three subsequent motions ask us to expedite his appeal. None of these motions have merit.

{¶ 17} Taking first the motions for judicial notice, Bradford's third motion asks us to take notice of the clerk's rejection of his motion for leave to file his untimely reply brief. And Bradford's fifth motion asks us to take notice of a copy of his reply brief included with the motion. We deny these motions as nothing more

than an attempt to circumvent this court's prohibition of untimely filings. *See* S.Ct.Prac.R. 3.02(B).

{¶ 18} In his first motion, Bradford requests that the warden be compelled to print a copy of Bradford's reply brief. We deny this motion as moot. Bradford's reply brief was eventually printed, so there is no more relief for this court to order with respect to that motion. We also deny as moot Bradford's second motion, in which he asks us to ascertain the whereabouts of his motion for leave to file his reply brief out of time. As Bradford himself recognized in his third motion, that filing reached this court and was rejected as untimely. *See* S.Ct.Prac.R. 3.02(B) (prohibiting untimely filings and motions to waive the prohibition).

{¶ 19} In his fourth motion, Bradford asks us to declare S.Ct.Prac.R. 3.02(A)(6)(b) ("The alteration of hours or procedures by any delivery service . . . shall not affect the filing deadlines and requirements imposed by these rules.") unconstitutional as applied to him, arguing that the rule disadvantages inmates, who can file only by mail. We deny this motion. This issue has nothing to do with the issues on appeal in Bradford's habeas corpus proceeding. *See Rodgers v. Capots*, 67 Ohio St.3d 435, 436 (1993) (raising a constitutional issue unrelated to trial court's jurisdiction is not the function of the writ of habeas corpus).

{¶ 20} Finally, we deny Bradford's three motions asking us to expedite our review of his appeal.

### III. CONCLUSION

{¶ 21} For the foregoing reasons, we affirm the judgment of the court of appeals and deny all of Bradford's pending motions.

Judgment affirmed.

_____

Pele K. Bradford, pro se.

Dave Yost, Attorney General, and William H. Lamb, Assistant Attorney General, for appellee.

———————————