OPINION
{¶ 1} This matter is before this court upon the appeal of defendant-appellant, Earnest O. Thorpe, from the February 11, 2004 judgment entry of the Franklin County Court of Common Pleas dismissing appellant's petition for post-conviction relief without a hearing, denying appellant's petition for habeas corpus relief, overruling appellant's motion for summary judgment, and denying appellant's motion for trial transcript and trial record. Appellant sets forth the following five assignments of error for this court's consideration:
1. Police destroyed evidence by destroying and stealing defendant's automobile, misconduct by police prejdice [sic] to defendant.
2. Police beat and kick defendant using excessive [sic] at the scene of the accident at CHESTNUT STREET and HIGH STREET, excessive force in illegal arrest.
3. Trial judge abusing power forcing defendant to trial with attorney inregargs [sic] to defendant's objection.
4. Violation of defendant's SPEEDY TRIAL RIGHTS long stay in jail without bring [sic] defendant to trial.
5. The prosecution and the media prejudice the case beyond repair, defendant did not receive a fair trial.
 {¶ 2} Appellant was indicted by the Franklin County Grand Jury on two counts of felonious assault, in violation of R.C. 2903.11, and one count of vehicular assault, in violation of R.C. 2903.08. The felonious assault counts were indicted as first-degree felonies because the victims were peace officers. Following a jury trial, appellant was convicted on one count of felonious assault, and one count of aggravated vechicular assault. Appellant was sentenced to a nine-year prison term.
 {¶ 3} Appellant initiated three direct appeals from his convictions, all of which were ultimately dismissed by this court. On November 6, 2002, acting pro se, appellant filed his first appeal, which was docketed as Franklin App. No. 02AP-1221. Because the trial court had not yet journalized its judgment, the appeal was sua sponte dismissed for lack of a final appealable order by this court on November 19, 2002.
 {¶ 4} On December 5, 2002, acting pro se, appellant filed a second appeal in this case, which was docketed as Franklin App. No. 02AP-1356. Appointed counsel filed a third appeal on December 6, 2002, which was docketed as Franklin App. No. 02AP-1359. These two appeals were consolidated for review by this court. Appellant then filed a motion requesting that counsel withdraw from the case. This court granted appellant's motion and permitted him to proceed pro se. On August 5, 2003, this court dismissed appellant's consolidated appeals due to his failure to file a brief.
 {¶ 5} During the pendency of his appeals, appellant filed a pro se habeas corpus petition in this court, which this court dismissed for appellant's failure to comply with R.C. 2969.25(A).
 {¶ 6} On April 2, 2003, appellant filed a petition for a writ of habeas corpus in the Franklin County Court of Common Pleas. In that petition, appellant alleged five errors: (1) the police destroyed evidence; (2) the police used excessive force in arresting appellant; (3) the trial court erred in overruling appellant's motion to proceed pro se; (4) the trial court violated appellant's speedy trial rights; and (5) the trial court erred in denying appellant's request for a change of venue. Appellant then filed a motion requesting a copy of the trial transcript and the trial record, as well as a motion for summary judgment. However, appellant filed those motions under the wrong case number, and instead of referring to his petition as one for habeas corpus, he referred to it as a petition for post-conviction relief. By entry of this court dated August 31, 2004, this court granted appellant's motion to supplement with all the pleadings relative to this habeas corpus/post-conviction proceeding, and those documents are currently before this court. Plaintiff-appellee, State of Ohio, filed a motion to dismiss appellant's petition without a hearing. In findings of fact and conclusions of law issued February 11, 2004, the trial court addressed appellant's petition first as one for post-conviction relief, and second, as one for habeas corpus relief, and granted the state's motion. It is from this February 11, 2004 judgment entry that appellant now appeals.
 {¶ 7} Because the trial court addressed appellant's motion both as one for post-conviction relief as well as one for habeas corpus relief, this court will do the same in addressing appellant's assignments of error.
 {¶ 8} R.C. 2953.21 provides for the filing of petitions for post-conviction relief, as follows:
(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
* * *
(C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petition, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * *
 {¶ 9} A post-conviction petitioner is not automatically entitled to a hearing. R.C. 2953.21(C), State v. Calhoun (1999), 86 Ohio St.3d 279. The Supreme Court of Ohio has held that it is not unreasonable to require a defendant to show in his petition for post-conviction relief that such errors resulted in prejudice before a hearing is scheduled. State v.Jackson (1980), 64 Ohio St.2d 107. Further, broad assertions of error in conclusory allegations are not sufficient, from an evidentiary standpoint, to necessarily warrant a hearing.
 {¶ 10} In the present case, appellant failed to attach any evidence to his petition and, thus, this court finds that he failed to meet his evidentiary burden under R.C. 2953.21(C). For this reason alone, the trial court was warranted to dismiss appellant's petition for post-conviction relief without a hearing. Jackson; State v. Pankey
(1981), 68 Ohio St.2d 58. As such, because of his failure to attach any evidence to his petition to support his claims, the trial court properly dismissed his petition without a hearing.
 {¶ 11} Furthermore, it is axiomatic that a trial court may dismiss a petition for post-conviction relief without a hearing if the claims raised in the petition are barred by the doctrine of res judicata. See State v.Perry (1967), 10 Ohio St.2d 175, paragraph eight of the syllabus, which reads as follows:
The Supreme Court of Ohio will apply the doctrine of res judicata in determining whether postconviction relief should be given under Section2953.21 et seq., Revised Code.
 {¶ 12} In reviewing appellant's petition for post-conviction relief, this court finds that each of appellant's claims for relief are based upon the original trial and, therefore, could have been raised in appellant's direct appeal. Furthermore, as the court noted in Perry, when the issues raised in a post-conviction petition could have been raised in a direct appeal, it does not matter whether the appellant actually appealed his conviction. Similarly, in the present case, although appellant did appeal from his convictions, the fact that he failed to comply with applicable appellate and local rules should not exempt him from the doctrine of res judicata.
 {¶ 13} As such, in considering appellant's petition as one for post-conviction relief, this court finds that the trial court properly dismissed appellant's petition without a hearing.
 {¶ 14} Viewing appellant's petition as one for relief in habeas corpus, this court finds the trial court still properly dismissed the petition without a hearing. Habeas corpus relief is provided for in R.C.2725.01, which provides as follows:
Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation.
 {¶ 15} As noted previously, appellant raised five issues in his petition: (1) that the police destroyed evidence; (2) that the police used excessive force in arresting appellant; (3) that the trial court erred in overruling appellant's motion to proceed in the trial pro se; (4) that the trial court violated appellant's speedy trial rights; and (5) that the trial court erred in denying appellant's request for a change of venue. All of these issues are appropriately raised by appeal or through post-conviction relief proceedings under R.C. 2953.21 through 2953.23, but not by petition for habeas corpus. As the court stated in Bellman v.Jago (1988), 38 Ohio St.3d 55:
* * * Habeas corpus "is not and never was a post-conviction remedy for the review of errors or irregularities of an accused's conviction or for a retrial of the guilt or innocence of an accused. * * *" Walker v.Maxwell (1965), 1 Ohio St. 2d 136, 137. * * *
 {¶ 16} Furthermore, R.C. 2725.04(D) provides that the petitioner must attach a copy of the commitment or cause of detention with his petition for relief in habeas corpus.
The Supreme Court of Ohio has held on several occasions that the failure to attach a copy of the cause of detention to a petition for habeas corpus results in the petition being fatally defective. Cornellv. Schotten (1994), 69 Ohio St. 3d 466, Bloss v. Rogers (1992),65 Ohio St.3d 145, and State ex rel. Parker v. Ohio Parole Bd. (1993),68 Ohio St.3d 23.
 {¶ 17} Lastly, this court notes further that this is appellant's second petition for post-conviction relief. In State ex rel. Brantley v.Ghee (1997), 80 Ohio St.3d 287, the Supreme Court of Ohio has held that the doctrine of res judicata precludes a petitioner from filing successive petitions for habeas corpus relief. See, also, State ex rel.Richard v. Seidner (1996), 77 Ohio St.3d 68.
 {¶ 18} For all of the foregoing reasons, whether considering appellant's petition as one for post-conviction relief or for habeas corpus relief, this court finds that the trial court properly dismissed appellant's petition without a hearing. As such, appellant's five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Lazarus and French, JJ., concur.