[Cite as *State ex rel. Gibson v. Sloan*, 2015-Ohio-3088.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. REGINALD GIBSON, | : | **PER CURIAM OPINION** |
| | : | |
| Petitioner, | : | |
| | : | **CASE NO. 2014-A-0073** |
| - vs - | : | |
| BRIGHAM SLOAN, | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*Reginald Gibson,* pro se, PID A643-525, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Petitioner).

*Mike DeWine,* Ohio Attorney General, State Office Tower, 30 East Broad Street, 25th ffloor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} Reginald Gibson petitions this court to issue its writ of habeas corpus to Brigham Sloan, Warden of the Lake Erie Correctional Institution. Mr. Gibson contends Warden Sloan is confining him in contravention of law. We dismiss the petition.

{¶2} In August 2013, Mr. Gibson was convicted of felonious assault and abduction in the Stark County Court of Common Pleas, and sentenced to a total term of eight years imprisonment. *State v. Gibson*, 5th Dist. Stark No. 2013CA00175, 2014-

Ohio-1169, ¶1, 12, 14 ("*Gibson* I").  The Supreme Court of Ohio declined a discretionary appeal.  *State v. Gibson*, 140 Ohio St.3d 1418, 2014-Ohio-3785.  In February 2014, Mr. Gibson petitioned the trial court for post-conviction relief, which that court denied on the basis that all claims were barred by res judicata, since they could have been raised on direct appeal.  *State v. Gibson*, 5th Dist. Stark No. 2015CA00039, 2015-Ohio-2055, ¶6 ("*Gibson* II").  Mr. Gibson further applied to the Fifth District to reopen his appeal, pursuant to App.R. 26(B), which application was denied.  *Id.* at ¶7.  In June 2014, Mr. Gibson then filed a second petition for post-conviction relief with the Fifth District itself, to which the state responded.  *Id.* at ¶8.  The Fifth District dismissed for lack of jurisdiction; and the trial court, too, dismissed the petition, finding Mr. Gibson had not met the prerequisites for filing a successive petition for post-conviction relief, and that his claims were barred by res judicata.  *Id.*  Mr. Gibson appealed the trial court's dismissal to the Fifth District, which affirmed.  *Id.* at ¶45.

{¶3}    December 2, 2014, Mr. Gibson filed the instant petition.  March 26, 2015, he moved for judgment on the pleadings, since Warden Sloan had not answered.

{¶4}    In *Keith v. Kelley*, 11th Dist. Trumbull No. 2009-T-0056*, 2009-Ohio-6711, ¶17, this court stated:  "In regard to the elements of a habeas corpus claim, this court has stated on numerous occasions that such a writ will lie only when the prisoner can establish: (1) an unlawful restraint of his liberty; and (2) the absence of any alternative remedy at law. *State ex rel. Waites v. Gansheimer*, 11th Dist. No. 2006-A-0003, 2006-Ohio-1702, at ¶4."  In *State v. Sands*, 11th Dist. Lake No. 2012-L-096, 2013-Ohio-2822, ¶19, this court observed: "The court further notes the Supreme Court of Ohio recently held that '(r)es judicata bars (appellant) from using habeas corpus to obtain a

2

successive appellate review of the same claim.' *Cool v. Turner*, 135 Ohio St.3d 185, 2013-Ohio-85, * * *." (Parallel citation omitted.)

{¶5} We have thoroughly reviewed the claims raised by Mr. Gibson in his petition for habeas corpus. They are substantially the same as those raised in his second petition for post-conviction relief. *See, e.g.*, *Gibson* II at ¶10-42. They all could have been raised on direct appeal, or by way of application pursuant to App.R. 26(B). Thus, Mr. Gibson cannot establish one of the fundamental elements of a claim for habeas relief – that there was/is no adequate remedy at law. Further, the Stark County Court of Common Pleas has found the claims barred by res judicata. *Gibson* II at ¶8. We agree.

{¶6} The petition for a writ of habeas corpus is dismissed.


TIMOTHY P. CANNON, P.J., THOMAS R. WRIGHT, J., COLLEEN MARY O'TOOLE, J., concur.