[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Gibson v. Sloan,* Slip Opinion No. 2016-Ohio-3422.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3422

THE STATE EX REL. GIBSON, APPELLANT, *v.* SLOAN, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Gibson v. Sloan,* Slip Opinion No. 2016-Ohio-3422.]

*Habeas corpus—Claims not cognizable in habeas corpus—Court of appeals' dismissal of petition affirmed.*

(No. 2015-1381—Submitted February 23, 2016—Decided June 16, 2016.)

APPEAL from the Court of Appeals for Ashtabula County,

No. 2014-A-0073, 2015-Ohio-3088.

————————

**Per Curiam.**

{¶ 1} Appellant, Reginald Gibson, appeals from the judgment of the Eleventh District Court of Appeals dismissing his petition for a writ of habeas corpus.  Because he has, and has used, adequate remedies at law to raise his habeas corpus claims, we affirm.

***Relevant Background***

**{¶ 2}** Gibson is currently serving an eight-year prison sentence at the Allen Oakwood Correctional Institution,[1] having been convicted in Stark County of felonious assault and abduction. *See State v. Gibson*, 5th Dist. Stark No. 2013CA00175, 2014-Ohio-1169, ¶ 1, 14.

**{¶ 3}** Gibson filed a petition for a writ of habeas corpus in the Eleventh District Court of Appeals on December 2, 2014. He claimed that the trial court lacked jurisdiction to convict and sentence him because of the following alleged errors: excessive pretrial bond, denial of his right to an impartial jury, improper waiver of counsel, ineffective assistance of trial counsel, insufficient evidence, prosecutorial misconduct, ineffective assistance of appellate counsel, and erroneous evidentiary rulings.

**{¶ 4}** The court of appeals dismissed Gibson's habeas corpus petition, found that his habeas claims were "substantially the same" as the claims that he had asserted in a second postconviction petition[2] and therefore, that he had adequate remedies at law. 2015-Ohio-3088, ¶ 5, citing *State v. Gibson*, 5th Dist. Stark No. 2015CA00039, 2015-Ohio-2055, ¶ 10-42.

**{¶ 5}** Gibson appealed, and on December 16, 2015, filed a motion for an evidentiary hearing under S.Ct.Prac.R. 4.01, which appellee, Brigham Sloan, opposes. In seven propositions of law, Gibson reasserts his habeas corpus claims and also argues that the trial court abused its discretion when it dismissed his first

---

[1] When he filed his petition for a writ of habeas corpus, Gibson was incarcerated at the Lake Erie Correctional Institution in Ashtabula County. *See* 2015-Ohio-3088, ¶ 1. He was transferred to the Allen Oakwood Correctional Institution, in Allen County, Ohio, after his notice of appeal was filed; thus, while he has since been relocated, the Eleventh District had original jurisdiction over Gibson's habeas corpus petition when it was filed and throughout the pendency of that original action. R.C. 2725.03.

[2] Gibson has previously filed at least two postconviction petitions. The trial court denied his first postconviction petition on res judicata grounds on May 23, 2014, and Gibson did not appeal that decision. *Gibson*, 2015-Ohio-2055, ¶ 6. The trial court dismissed Gibson's second postconviction petition because he failed to demonstrate that the statutory prerequisites for second or successive postconviction petitions were satisfied. *Id.* at ¶ 8.

postconviction petition without the "findings of fact and conclusions of law" required by R.C. 2953.21(C) and that the trial judge was biased against him in violation of his state and federal constitutional rights.

## *Analysis*

**{¶ 6}** We affirm the court of appeals' judgment dismissing Gibson's habeas corpus petition. The claims for which he seeks relief are not cognizable in habeas corpus, and he had, and has used, adequate remedies at law to assert those claims.

**{¶ 7}** Habeas corpus "is not generally available when there is an adequate remedy at law." *Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, 986 N.E.2d 989, ¶ 3. The availability of an adequate remedy at law, even if that remedy was not sought or was unsuccessful, precludes a writ of habeas corpus. *State ex rel. O'Neal v. Bunting*, 140 Ohio St.3d 339, 2014-Ohio-4037, 18 N.E.3d 430, ¶ 15.

**{¶ 8}** Habeas corpus will not lie to challenge the propriety of jury-verdict forms. *Smith v. Smith*, 123 Ohio St.3d 145, 2009-Ohio-4691, 914 N.E.2d 1036, ¶ 1. Nor will habeas corpus lie to challenge erroneous jury instructions, *Smith v. Mitchell*, 80 Ohio St.3d 624, 624, 687 N.E.2d 749 (1998); prosecutorial misconduct, *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 15; the sufficiency of the evidence, *State ex rel. Tarr v. Williams*, 112 Ohio St.3d 51, 2006-Ohio-6368, 857 N.E.2d 1225, ¶ 4; ineffective assistance of counsel or the alleged denial of the right to counsel, *Bozsik v. Hudson*, 110 Ohio St.3d 245, 2006-Ohio-4356, 852 N.E.2d 1200, ¶ 7; or the imposition of excessive pretrial bail after the petitioner has been convicted, *Smith v. Leis*, 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5, ¶ 13.

**{¶ 9}** Gibson also had an adequate remedy at law, by way of direct appeal and postconviction relief, to assert his claim that he was denied an impartial jury. And as the court of appeals correctly noted, he has already availed himself of a petition for postconviction relief to assert that claim. 2015-Ohio-3088, at ¶ 5. Res judicata precludes a petitioner from using habeas corpus to gain successive

appellate review of previously litigated issues. *State ex rel. Harsh v. Sheets*, 132 Ohio St.3d 198, 2012-Ohio-2368, 970 N.E.2d 926, ¶ 1.

{¶ 10} Finally, because he did not raise them in his habeas corpus petition in the court of appeals, Gibson has waived his claim that the trial court violated R.C. 2953.21(C) when it failed to journalize findings of fact and conclusions of law in its entry dismissing his postconviction petition and his claim that the trial court was biased against him. *See North v. Beightler*, 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶ 6. Moreover, even if he had raised those claims in his habeas corpus petition, neither claim is cognizable in habeas corpus. *See State ex rel. Konoff v. Moon*, 79 Ohio St.3d 211, 212, 680 N.E.2d 989 (1997) (a writ of mandamus "will lie to compel a trial court to issue findings of fact and conclusions of law when it dismisses a petition for postconviction relief"); *Ellis v. McMackin*, 65 Ohio St.3d 161, 162, 602 N.E.2d 611 (1992) (habeas corpus not available to challenge the neutrality of a trial-court judge).

{¶ 11} The court of appeals did not err by dismissing Gibson's habeas petition, and we affirm the court's judgment. We also deny Gibson's motion for an evidentiary hearing as moot.

Judgment affirmed
and motion denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Reginald Gibson, pro se.

Michael DeWine, Attorney General, and Jonathan R. Khouri, Assistant Attorney General, for appellee.

_____