[Cite as *State v. Christian*, 2018-Ohio-2764.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

WAYNE CHRISTIAN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 16 JE 0030**

---

Motion for Reconsideration

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor
Jefferson County Justice Center, 16001 State Route 7, Steubenville, Ohio 43952, for
Plaintiff-Appellee

*Wayne Christian, Pro se*, #521-627
Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, Ohio 44430.


Dated: June 28, 2018


**PER CURIAM.**

**{¶1}** On February 27, 2018, Appellant Wayne Christian filed an application for reconsideration of our December 27, 2017 decision in *State v. Christian*, 7th Dist. No. 16 JE 0030, 2017-Ohio-9420. We affirmed the judgment of the Jefferson County Court of Common Pleas denying his motion for declaratory judgment. The state did not file a brief in opposition to the application.

**{¶2}** Appellant filed a notice of appeal with the Ohio Supreme Court on February 2, 2018 seeking review of our decision. We nonetheless retain jurisdiction to consider the motion for reconsideration pursuant to Sup. Ct. Prac. R. 7.01(D).

**{¶3}** In his motion for declaratory judgment, Appellant argued that R.C. 2903.11(B)(1), the Ohio statute criminalizing sexual conduct between a minor and a person who has failed to disclose their status as a person who tested positive for the human immunodeficiency virus ("HIV"), violates the equal protection clauses of the United States and Ohio Constitutions. We affirmed the judgment of the trial court denying the motion because we held that statutes directed toward the protection of minors are based on a legitimate state interest. *Christian*, *supra* at ¶ 15. We further held that the existence of other sexually transmitted diseases ("STDs") that may have serious public health and safety consequences does not eliminate the rational relationship between the classification and the goal of protecting minors. *Id.* at ¶ 16.

**{¶4}** App.R. 26, which provides for the filing of an application for reconsideration in this Court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered. *Deutsche Bank Natl. Trust Co. v. Knox*, 7th Dist. No. 09-BE-4, 2011-Ohio-421, ¶ 2, citing M*atthews v. Matthews* (1981), 5 Ohio App.3d 140, 143, 450 N.E.2d 278. The test generally applied is whether the motion for

reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered or not fully considered in the direct appeal. *Id.*

{¶5} An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *Deutsche Bank* at ¶ 2, citing *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (1996). Rather, App.R. 26 provides a mechanism by which a party may prevent a miscarriage of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

{¶6} Initially, we must review the timeliness of the application. App.R. 26 provides a ten-day time limit within which to seek reconsideration of an appellate decision. App.R. 26(A). Our decision was filed with the clerk and announced on December 27, 2017. Thus, Appellant was required to file by Monday, January 8, 2018. See App.R. 14(A). Appellant contends that he can establish good cause for his failure to timely file because he did not receive a copy our decision until a month after it was issued. However, App.R. 14, captioned: "Computation and Extension of Time," reads, in pertinent part, "[e]nlargement of time to file an application for reconsideration * * * pursuant to App. R. 26(A) shall not be granted except on a showing of extraordinary circumstances." App.R. 14(B). The standard used to show "extraordinary circumstances" is intended to be greater than that used to establish "good cause." App.R. 14 1994 Staff Notes. Appellant has not demonstrated extraordinary circumstances here.

**{¶7}** We may also enlarge the ten-day time limit for filing a motion for reconsideration if the motion raises an issue of sufficient importance to warrant an exception to the rule. *Rice v. Rice*, 7th Dist. No. 2001-CO-28, 2002-Ohio-5032. However, the application neither reveals an error nor raises an argument that was not fully considered on direct appeal. Appellant simply restates the argument he has already advanced: that the statute at issue is arbitrary because it treats HIV positive individuals differently than individuals capable of transmitting equally dangerous STDs to minors. Appellant fails to understand that the legislature is permitted to treat a particular class differently, so long as the treatment is related to the purpose of the law. The Ohio Supreme Court addressed the very same argument in *State v. Battista*, 151 Ohio St.3d 584, 2017-Ohio-8304, 91 N.E.2d 724, writing:

> Batista asks the court to weigh the wisdom of the legislature's policy choices, but that is beyond our authority. Because there is some conceivable basis to support the legislative arrangement, the statute does not violate equal protection. Batista's argument that no rational basis exists to require only HIV positive individuals to disclose their status while not requiring the same of individuals with Hepatitis C, for example, is misplaced. We are not faced with a statute that requires individuals to disclose their Hepatitis C diagnosis or other contagious infection. We leave that policy decision to the General Assembly. And the existence of other sexually transmitted diseases that may have serious public health and safety consequences does not eliminate the rational relationship between the classification here—individuals with knowledge of their HIV-

positive status who fail to disclose that status to sexual partners—and the goal of curbing HIV transmission.

*Id.* at ¶ 24.

**{¶8}** In summary, the application was untimely filed, and Appellant has failed to identify extraordinary circumstances. Even if we were to excuse the procedural defect, we have fully considered Appellant's argument and Appellant has raised no obvious error in our earlier decision. Accordingly, Appellant's application is overruled.

**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE CAROL ANN ROBB**

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**