**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as _Stever v. Wainwright_, Slip Opinion No. 2020-Ohio-1452.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1452

STEVER, APPELLANT, _v._ WAINWRIGHT, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as _Stever v. Wainwright_, Slip Opinion No. 2020-Ohio-1452.]**

_Habeas corpus—Evidence refuted petitioner's claim that trial court had lacked subject-matter jurisdiction over case involving offense committed by petitioner when petitioner was a juvenile—Court of appeals' judgment dismissing petition affirmed._

(No. 2019-1041—Submitted December 10, 2019—Decided April 15, 2020.)

APPEAL from the Court of Appeals for Marion County, No. 9-18-25.

_____

**Per Curiam.**

{¶ 1} Appellant, Stanley J. Stever, appeals the judgment of the Third District Court of Appeals dismissing his petition for a writ of habeas corpus. We affirm.

**Facts and Procedural Background**

{¶ 2} In 1987, Stever was charged in the Wyandot County Court of Common Pleas with the aggravated murder of Estella Heck. Stever was a juvenile

when he committed the offense. Stever pleaded guilty to the offense and was sentenced to life imprisonment with the possibility of parole after he had served 20 years.

{¶ 3} On August 27, 2018, Stever filed a petition for a writ of habeas corpus in the Third District against appellee, Lyneal Wainwright, warden of the Marion Correctional Institution, arguing that he was entitled to immediate release because the court of common pleas had lacked subject-matter jurisdiction over his case since it had not commenced in the Wyandot County Juvenile Court and there had not been filed in the juvenile court a (1) complaint, (2) motion to transfer jurisdiction to the court of common pleas, (3) judgment entry finding probable cause, or (4) judgment entry transferring jurisdiction to the court of common pleas. Stever attached as evidence a letter that he had received from the deputy clerk of the juvenile court informing him that "[t]he court does not have a case in 1987 for you."

{¶ 4} The warden filed a motion to dismiss pursuant to Civ.R. 12(B)(6), arguing that Stever's unsupported statements were insufficient to overcome the presumption of regularity of the court proceedings and that Stever's claims were not cognizable in a habeas corpus action. The court of appeals denied the motion to dismiss and ordered the warden to file a return of writ showing why the 1987 judgment of conviction is not a nullity and void ab initio due to the trial court's lack of subject-matter jurisdiction.

{¶ 5} The warden filed a return of writ, stating that Stever's claims were false and presenting nine exhibits showing that (1) a juvenile-delinquency complaint had been filed on June 4, 1987, (2) the juvenile court had held a detention hearing, (3) Stever had been ordered by the juvenile court to be examined by the Forensic Diagnostic Center for purposes of relinquishment of jurisdiction, and (4) a bindover hearing had been conducted on October 29, 1987 and jurisdiction had been transferred to the court of common pleas.

{¶ 6} On June 20, 2019, the court of appeals dismissed the complaint, determining that "the premise of Petitioner's claim is false and, thus, the trial court's 1987 judgment of conviction and sentence is not void *ab initio* for lack of subject matter jurisdiction."

{¶ 7} In three propositions of law, Stever asks this court to reverse the judgment of the court of appeals.

**Analysis**

{¶ 8} To prevail on a habeas corpus claim alleging that a trial court lacked subject-matter jurisdiction, a habeas petitioner must establish that the lack of jurisdiction was "patent and unambiguous." *Ross v. Saros*, 99 Ohio St.3d 412, 792 N.E.2d 11, ¶ 14.

{¶ 9} In proposition of law No. I, Stever argues that the court of common pleas had not acquired subject-matter jurisdiction, because he had not been placed into juvenile custody, a juvenile complaint had not been filed, and there had been no bindover hearing before his case was transferred to the court of common pleas. But the warden presented evidence proving otherwise. Thus, the court of appeals correctly determined that the premise of Stever's claim is false and that "the trial court did not patently and unambiguously lack jurisdiction." Accordingly, we reject proposition of law No. I.

{¶ 10} In proposition of law No. II, Stever argues that the court's failure to maintain his records in accordance with R.C. 2152.71(A) shows that "nothing was ever filed in this case or boundover, and therefore [the court of common pleas] could have never properly obtained jurisdiction."

{¶ 11} R.C. 2152.71(A)(1) states:

> The juvenile court shall maintain records of all official cases brought before it, including, but not limited to, an appearance docket, a journal, and, in cases pertaining to an alleged delinquent

child, arrest and custody records, complaints, journal entries, and hearing summaries.

First, R.C. 2152.71(A)(1) was enacted in 2002, well after Stever appeared in juvenile court. *See* 2002 Am.H.B. No. 393. Second, despite any alleged deficiency in maintaining Stever's juvenile-court records, nothing prohibited the warden from using copies of Stever's records to refute his claim that they had never existed. Thus, we reject proposition of law No. II.

**{¶ 12}** In proposition of law No. III, Stever argues that the court of appeals should not have considered the nine exhibits refuting his claims, because the court's consideration of them violated Evid.R. 301 and 1005. Stever did not, however, raise this issue in the court of appeals, so he has waived it on appeal to this court. *See State ex rel. Gibson v. Sloan*, 147 Ohio St.3d 240, 2016-Ohio-3422, 63 N.E.3d 1172, ¶ 10; *Phillips v. Irwin*, 96 Ohio St.3d 350, 2002-Ohio-4758, 774 N.E.2d 1218, ¶ 6. Thus, we reject proposition of law No. III.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Stanley J. Stever, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

_____