[Cite as *Christian v. Bracy*, 2022-Ohio-3201.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| WAYNE CHRISTIAN, | **CASE NO. 2022-T-0051** |
| Petitioner, | |
| - v - | Original Action for Writ of Habeas Corpus |
| CHARMAINE BRACY, WARDEN, | |
| Respondent. | |

**P E R   C U R I A M**
**O P I N I O N**

Decided: September 12, 2022
Judgment: Petition dismissed

*Wayne Christian*, pro se, PID: A521-627, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, OH 44430 (Petitioner).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215, and *Lisa K. Browning*, Assistant Attorney General, Criminal Justice Section, 30 East Broad Street, 23rd Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} This matter is before the court on the petition for a writ of habeas corpus filed by petitioner, Wayne Christian ("Mr. Christian"), pro se, against respondent, Charmaine Bracy, Warden ("respondent"); respondent's Civ.R. 12(B)(6) motion to dismiss; and Mr. Christian's brief in opposition.

{¶2} Because none of Mr. Christian's claims are cognizable in habeas corpus, we grant respondent's motion and dismiss Mr. Christian's petition.

## Substantive and Procedural History

{¶3} Mr. Christian is an inmate at the Trumbull Correctional Institution, where respondent is the warden. In 2007, a jury in the Jefferson County Court of Common Pleas found Mr. Christian guilty of nine counts of felonious assault in violation of R.C. 2903.11(B)(3) for engaging in sexual conduct with a minor while knowing that he was HIV positive. The trial court sentenced Mr. Christian to eight years in prison on each count, with five counts to be served consecutively, for an aggregate prison term of 40 years. He was also classified as a sexual predator. The Seventh District Court of Appeals affirmed his convictions, sentences, and sexual predator classification. *See State v. Christian*, 7th Dist. Jefferson No. 07 JE 9, 2007-Ohio-7205.[1] The Supreme Court of Ohio denied Mr. Christian's motion for leave to file a delayed appeal. *See State v. Christian*, 124 Ohio St.3d 1441, 2010-Ohio-188, 920 N.E.2d 372.

{¶4} In 2016, Mr. Christian, pro se, filed a "motion for declaratory judgment" in the trial court, arguing that R.C. 2903.11(B)(3) violates his federal and state constitutional rights to equal protection. The trial court denied his motion. The Seventh District affirmed, determining that R.C. 2903.11(B)(3) is constitutional. *See State v. Christian*, 7th Dist. Jefferson No. 16 JE 0030, 2017-Ohio-9420, *reconsideration denied*, 2018-Ohio-2764. The Supreme Court of Ohio declined jurisdiction. *See State v. Christian*, 152 Ohio St.3d 1480, 2018-Ohio-1990, 98 N.E.3d 295.

{¶5} In 2018, Mr. Christian, pro se, filed a federal petition for a writ of habeas corpus against the respondent, in which he asserted the same equal protection argument.

---

1. The Seventh District denied Mr. Christian's delayed application for reconsideration that he filed nearly 12 years later. *See State v. Christian*, 2020-Ohio-1359, 153 N.E.3d 598 (7th Dist.).

Case No. 2022-T-0051

The federal district court denied his petition, determining that his claims were time-barred. *See Christian v. Bracy*, S.D.Ohio Case No. 2:18-CV-652, 2018 WL 3546811 (July 24, 2018) (magistrate judge's report and recommendation), 2019 WL 2314631 (May 31, 2019) (adopting magistrate judge's report and recommendation).

{¶6} On June 3, 2022, Mr. Christian, pro se, filed a petition for a writ of habeas corpus in this court seeking his immediate release from prison. He alleges that R.C. 2903.11(B)(3) violates his state and federal constitutional rights to equal protection, resulting in a prison sentence that violates his state and federal constitutional rights to be free from cruel and unusual punishment.

{¶7} Respondent appeared through counsel and filed a motion to dismiss pursuant Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. Mr. Christian filed a brief in opposition.

**Standard of Review**

{¶8} "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. A court may dismiss a habeas action under Civ.R. 12(B)(6) "if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus." *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10.

Case No. 2022-T-0051

## Law and Analysis

{¶9} A writ of habeas corpus is an extraordinary remedy that is appropriate only when the petitioner is entitled to immediate release from confinement. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995). The burden of proof is on the petitioner to establish his right to release. *Chari v. Vore*, 91 Ohio St.3d 323, 325, 744 N.E.2d 763 (2001).

{¶10} Generally, a writ of habeas corpus is available only when the petitioner's maximum sentence has expired and he is being held unlawfully, *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8, or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction, *Stever v. Wainwright*, 160 Ohio St.3d 139, 2020-Ohio-1452, 154 N.E.3d 55, ¶ 8. Habeas corpus is not available when the petitioner has or had an adequate remedy in the ordinary course of the law unless the trial court's judgment is void for lack of jurisdiction. *State ex rel. Davis v. Turner*, 164 Ohio St.3d 395, 2021-Ohio-1771, 172 N.E.3d 1026, ¶ 8.

{¶11} Mr. Christian does not contend that his maximum sentence of 40 years in prison has expired; rather, he purports to challenge the trial court's jurisdiction. Mr. Christian cites the Supreme Court of the United States' decision in *Montgomery v. Louisiana*, 577 U.S. 190, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), for the proposition that "a court lacks jurisdiction to impose sentence on a conviction reached under an unconstitutional statute." He contends that because R.C. 2903.11(B)(3) violates his constitutional rights to equal protection, his convictions under that statute are null and void; therefore, the trial court lacked jurisdiction to impose his sentences.

4

Case No. 2022-T-0051

{¶12} Mr. Christian's reliance on *Montgomery* is misplaced. In that case, the Supreme Court held that "when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral-review courts to give retroactive effect to that rule." *Id.* at 200. This is because "[a] penalty imposed pursuant to an unconstitutional law is no less void because the prisoner's sentence became final before the law was held unconstitutional." *Id.* at 204. Thus, in *Montgomery*, the Supreme Court determined that its prohibition on mandatory life sentences without parole for juveniles was a new substantive constitutional rule that was retroactive on state collateral review. *See id.* at 212.

{¶13} Here, there is no new substantive constitutional rule because the Supreme Court has not found R.C. 2903.11(B)(3) to be unconstitutional. Accordingly, Mr. Christian's convictions and sentences are not void based on *Montgomery*.

{¶14} The Supreme Court of Ohio has explained that "void judgments" are those "entered by a court lacking subject-matter or personal jurisdiction." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 27. "When a case is within a court's subject-matter jurisdiction and the parties are properly before the court, any error in the exercise of its jurisdiction renders the court's judgment *voidable, not void.*" (Emphasis added.) *Id.* at ¶ 26. Thus, the court has held that "habeas corpus will not lie to challenge the constitutionality of a statute under which the defendant was convicted, so long as the court in which the defendant was convicted had jurisdiction to determine the constitutional question (in which case, the defendant has or had an adequate remedy by way of appeal)." *Steele v. Harris*, 161 Ohio St.3d 407, 2020-Ohio-5480, 163 N.E.3d 565, ¶ 19.

5

Case No. 2022-T-0051

{¶15} Mr. Christian has not alleged or purported to establish that the trial court lacked jurisdiction to determine the constitutionality of R.C. 2903.11(B)(3). Therefore, his equal protection claim is not cognizable in habeas corpus.

{¶16} In addition, the Seventh District previously considered and rejected Mr. Christian's equal protection claim, and the Supreme Court of Ohio declined jurisdiction. The doctrine of res judicata precludes a petitioner from using habeas corpus to gain successive appellate review of previously litigated issues. *State ex rel. Gibson v. Sloan*, 147 Ohio St.3d 240, 2016-Ohio-3422, 63 N.E.3d 1172, ¶ 9.

{¶17} Mr. Christian's cruel and unusual punishment claim is also not cognizable in habeas corpus. Mr. Christian's argument that his sentence is unconstitutional does not implicate the trial court's jurisdiction. *See Stevens v. Hill*, Slip Opinion No. 2022-Ohio-2479, ¶ 9. Moreover, the unconstitutionality of a sentence is a matter that may be raised at the time of its imposition or on direct appeal. *Id*.

{¶18} For the foregoing reason, respondent's motion to dismiss is granted, and Mr. Christian's petition is dismissed.


THOMAS R. WRIGHT, P.J., MARY JANE TRAPP, J., JOHN J. EKLUND, J., concur.