[Cite as *State ex rel. Spencer v. Forshey*, 2023-Ohio-776.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
NOBLE COUNTY

STATE EX REL. BRIAN N. SPENCER,

Petitioner,

v.

JAY FORSHEY, WARDEN,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 NO 0500**

---

Writ of Habeas Corpus

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

Brian N. Spencer, *Pro Se*, #A723-149, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, Ohio 43724, Petitioner and

*Atty. Dave Yost,* Ohio Attorney General, 30 East Broad Street, 14th Floor, Columbus, Ohio 43215, and *Atty. Stephanie L. Watson,* Principal Assistant Attorney General, Corrections Litigation Section, 30 East Broad Street, 23rd Floor, Columbus, Ohio 43215, for Respondent.

Dated: March 9, 2023

**PER CURIAM.**

{¶1} Petitioner Brian N. Spencer has filed this original action for a writ of habeas corpus seeking his immediate release from the Noble Correctional Institution in Caldwell, Ohio. Spencer argues the trial court's failure to provide him substitute counsel and failure to secure a valid waiver of counsel deprived it of subject matter jurisdiction rendering his conviction void. The petition names the warden, Jay Forshey, as respondent. Counsel for the warden has filed a motion to dismiss contending an invalid of waiver of counsel does not deprive a trial court of jurisdiction. The warden also contends Spencer is not entitled to immediate release because he has not completed the maximum term of his sentence and his habeas complaint does not meet R.C. 2969.25 filing requirements. Because Spencer's claim of an invalid waiver of counsel was adjudicated in his direct appeal, the court must dismiss this action.

{¶2} In 2014, Spencer was indicted for possession of heroin, marijuana, a dangerous ordinance (an allegedly automatic weapon), having a weapon while under a disability, and firearm specifications associated with the drug and dangerous ordinance counts. The case went on to a jury trial in early 2016 with Spencer represented by appointed counsel. Just before voir dire, the parties engaged in settlement discussions in the trial court resulting in the state offering Spencer two alternative plea deals. After a recess, Spencer's appointed trial counsel informed the court that Spencer wanted a trial and did not want to enter a plea. Spencer requested substitute counsel which the trial court denied.

{¶3} Spencer proceeded to represent himself during the trial. The jury convicted him of the heroin, marijuana, and having a weapon under disability counts and acquitted him of the dangerous ordinance count and the two six-year firearm specifications charged because of his alleged possession of an automatic weapon. The trial court sentenced Spencer to 16 years in prison.

{¶4} On his delayed, direct appeal, Spencer alleged the trial court erred in failing to hold a pretrial hearing on the issue of self-representation and effectively denied him the right to counsel by refusing to appoint him new counsel. The Tenth District Court of

Appeals found Spencer's arguments without merit and affirmed the trial court's judgment. *State v. Spencer*, 10th Dist. Franklin No. 16AP-444, 2017-Ohio-1140.

{¶5} In his complaint before this court, Spencer advances the same argument he did in his direct appeal—that the trial court failed to obtain a valid waiver of counsel. To be entitled to a writ of habeas corpus, a petitioner must show they are being unlawfully restrained of their liberty and they are entitled to immediate release from prison or confinement. R.C. 2725.01; *State ex rel. Cannon*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10.

{¶6} Habeas corpus is not generally available when there is an adequate remedy at law. *State ex rel. Gibson v. Sloan*, 147 Ohio St.3d 240, 2016-Ohio-3422, 63 N.E.3d 1172, ¶ 7. The availability of an adequate remedy at law, even if that remedy was not sought or was unsuccessful, precludes a writ of habeas corpus. *State ex rel. O'Neal v. Bunting,* 140 Ohio St.3d 339, 2014-Ohio-4037, 18 N.E.3d 430, ¶ 15. Here, as indicated, Spencer had available to him an adequate remedy at law to present his invalid-waiver-of-counsel claim by way of direct appeal which he pursued unsuccessfully.

{¶7} Therefore, the warden's motion to dismiss is hereby granted. Writ denied.

{¶8} Costs taxed against Spencer. Final order. Clerk to serve copies of this decision and judgment entry pursuant to the civil rules.

**JUDGE DAVID A. D'APOLITO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**