[Cite as *State v. Richards*, 2025-Ohio-5531.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,           :

        Plaintiff,         :

        v.                :

JEREMY RICHARDS,      :

        Defendant-Petitioner.    :

No. 115849

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** PETITION DISMISSED
**RELEASED AND JOURNALIZED:** December 9, 2025

---

Writ of Habeas Corpus
Order No. 590003

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for plaintiff*.

Jeremy Richards, *pro se*.

SEAN C. GALLAGHER, J.:

{¶ 1} On November 21, 2025, the petitioner, Jeremy Richards, commenced this habeas corpus action to contest his $25,000 bond and to seek his release because of misconduct by the police, the prosecutor, and the judiciary, including police brutality, arrest on false pretenses, failure to provide a preliminary hearing,

false evidence, forced medication, and duplicate indictments. However, alleging multiple pleading deficiencies, this court dismisses the petition sua sponte.

{¶ 2} R.C. 2725.04(D) requires a copy of the commitment papers or cause of detention. The Supreme Court of Ohio in *State ex rel. Davis v. Sheldon*, 2022-Ohio-2789, has held that all commitment papers are necessary for a complete understanding of the petition. "A petition that fails to comply with this requirement is defective and must be dismissed." *Id.* at ¶ 7. However, Richards has attached no commitment papers.

{¶ 3} R.C. 2725.04 further requires the petition to be verified. In *Chari v. Vore*, 91 Ohio St.3d 323 (2001), the Supreme Court of Ohio ruled, "'Verification' means a 'formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statement in the document.' Garner, Black's Law Dictionary (7 Ed.1999) 1556 * * *." *Id.* at 327. The Supreme Court of Ohio then reversed the decision of the court of appeals granting the writ and awarding relief and held that the case should have been summarily dismissed because the petition was procedurally defective. Richards's petition has no verification or affidavit. Thus, it is fatally defective.

{¶ 4} Richards also failed to name the proper respondent. R.C. 2725.04(B) requires that the petitioner specify the officer or name of the person by whom the prisoner is so confined or restrained. In *Hamilton v. Collins*, 2013-Ohio-4104, ¶ 3 (11th Dist.), the court of appeals held that in considering the legal sufficiency of a habeas corpus claim, "such claims can be maintained only against the jailer or

warden who presently has legal custody of the individual." Richards used the caption of his underlying criminal cases and thus did not identify a respondent. Similarly, he did not include the names and addresses of all the parties as required by Civ.R. 10(A). *Bell v. State,* 2004-Ohio-1906 (8th Dist.).

{¶ 5} Moreover, Richards has not provided the affidavits required by R.C. 2969.25. The affidavit requirements of this statute apply to habeas corpus actions. *Dunkle v. Hill,* 2021-Ohio-3835, ¶ 6. This statute requires an inmate in a State penal institution commencing an action against a governmental entity or employee to include an affidavit of prior civil actions or appeals of civil actions filed within the previous five years. R.C. 2969.25(A). The failure to include this affidavit is grounds for dismissal. *Dunkle* at ¶ 9, citing *State ex rel. Ware v. Pureval*, 2020-Ohio-4024, ¶ 5. No affidavit of prior civil actions was submitted with the petition.

{¶ 6} Richards also did not file an affidavit of indigency that includes a statement from the institutional cashier as required by R.C. 2969.25(C). No affidavit of indigency of any kind was included, and he did not pay the filing fee. This fatal defect also constitutes sufficient grounds for dismissal and the imposition of costs. *Dunkle* at ¶ 7.

{¶ 7} Accordingly, this court dismisses the petition for habeas corpus sua sponte. Petitioner to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

**{¶ 8}** Petition dismissed.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
DEENA R. CALABRESE, J., CONCUR