[Cite as *Richards v. Cuyahoga Cty. Corr. Ctr. Warden Shemo*, 2026-Ohio-1203.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

JEREMY RICHARDS,                            :

    Petitioner,                            :

                                                         No. 116235

    v.                                        :

CUYAHOGA COUNTY CORRECTIONS :
CENTER WARDEN DAMARA SHEMO,
ET AL.,                                     :

    Respondent.                            :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** PETITION DENIED
**DATED:** March 27, 2026

---

Writ of Habeas Corpus
Order No. 593752

---

### *Appearances:*

Jeremy Richards, *pro se.*

TIMOTHY W. CLARY, J.:

{¶ 1} On March 13, 2026, the petitioner, Jeremy Richards, commenced this habeas corpus petition against the respondents, the Cuyahoga County Corrections Center Warden Damara Shemo, Judge Carl Mazzone, the Fairview Park Police Department, the Parma Police Department, and the North Olmsted Police

Department. He seeks the dismissal of the three underlying cases, *State v. Richards,* Cuyahoga C.P. Nos. CR-24-694435, CR-25-698760, and CR-24-703625, or his immediate release from jail while awaiting trial because of judicial misconduct and police brutality and misconduct. For the following reasons, this court dismisses this habeas corpus petition sua sponte.

{¶ 2} Richards in his 13-page complaint avers that he was arrested on false pretenses in retaliation for commencing a $1,000,000 lawsuit for police brutality. Habeas corpus is not a remedy for such claims. In *Simpson v. Maxwell,* 1 Ohio St.2d 71 (1964), the petitioner alleged in a habeas corpus petition that he was arrested on a false and forged affidavit and that he was innocent of the charges. The Supreme Court of Ohio ruled that the "jurisdiction of a trial court is invoked by a valid indictment and is not dependent upon the validity of the process by which the accused is originally apprehended. . . . The guilt or innocence of an accused is not cognizable in habeas corpus." *Id.* and *State ex rel. Rackley v. Sloan,* 2016-Ohio-3416, ¶ 6. In *State v. Thorpe,* 2005-Ohio-893 (10th Dist.), the appellate court addressed claims of police misconduct, including destruction of evidence and excessive force, as a habeas corpus claim. It denied those claims, inter alia, because habeas corpus is not a remedy to review errors or irregularities of a conviction. Nor is habeas corpus available to examine the sufficiency of the evidence. *Webber v. Kelly,* 2008-Ohio-6695.

{¶ 3} Richards also claims that the trial judge has done everything to deprive him of his due-process rights, including the ability to defend himself. Such

claims are not cognizable in habeas corpus. In *State ex rel. Gibson v. Sloan,* 2016-Ohio-3422, ¶ 10, the Supreme Court of Ohio noted that habeas corpus is not available to challenge the neutrality of a trial court judge. This court summarily dismissed claims of judicial bias in *Brisbane v. Bedford Mun. Court,* 2023-Ohio-4132 (8th Dist.). *State v. Thorpe* also rejected claims of judicial impropriety, such as denying a defendant the right to proceed pro se and the right to a speedy trial. *Ellis v. McMackin,* 65 Ohio St.3d 161 (1992).

{¶ 4} Although Richards claims that he was denied any access to his commitment papers, the provisions of R.C. 2725.04(D) are mandatory. The failure to include all his commitment papers requires dismissal. *State ex rel. Davis v. Sheldon,* 2022-Ohio-2789.

{¶ 5} In addition, habeas corpus claims can be maintained only against the jailer or warden who presently has legal custody of the individual. *Hamilton v. Collins,* 2013-Ohio-4101, ¶ 3 (11th Dist.). Thus, his claims against the judge and the police departments are misplaced and are dismissed.

{¶ 6} Accordingly, this court dismisses the petition for habeas corpus sua sponte. Petitioner to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

**{¶ 7}** Petition denied.

_____
TIMOTHY W. CLARY, JUDGE

MICHELLE J. SHEEHAN, A.J., and
ANITA LASTER MAYS, J., CONCUR