[Cite as *Richards v. Cuyahoga Cty. Corr. Ctr. Warden Shemo*, 2026-Ohio-1289.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JEREMY RICHARDS,                    :

    Petitioner,                    :

                     No. 116238

    v.                    :

CUYAHOGA COUNTY CORRECTION     :
CENTER WARDEN DAMARA
SHEMO, ET AL.,                    :

    Respondents.                    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** PETITION DISMISSED
**DATED:** April 6, 2026

---

Writ of Habeas Corpus
Order No. 593893

---

### *Appearances:*

Jeremy Richards, *pro se.*

ANITA LASTER MAYS, J.:

{¶ 1} On March 16, 2026, petitioner Jeremy Richards filed a petition for a writ of habeas corpus against respondents the Cuyahoga County Corrections Center

Warden, Damara Shemo, and Judge Carl J. Mazzone.[1] In his petition, Richards alleges that he was "framed," "targeted," and arrested on false pretenses in three pending criminal cases — *State v. Richards,* Cuyahoga C.P. Nos. CR-24-694435-A, CR-25-698760-B, and CR-24-703625-A — in retaliation for filing a $1,000,000 lawsuit for police brutality. He claims that he is "being charged with crimes he didn't commit" and seeks the dismissal of the underlying criminal cases and/or to be released from jail because of alleged police misconduct, due-process violations, double jeopardy, judicial bias and misconduct, and prosecutorial misconduct.[2] For the reasons that follow, we dismiss his petition, sua sponte.

{¶ 2} First, habeas corpus is not a remedy for the claims alleged in Richards's petition. With respect to Richards's allegations of false charges, arrest on false pretenses, and police misconduct, in *Simpson v. Maxwell,* 1 Ohio St.2d 71

---

[1] Richards mailed his petition to the clerk's office in two parts. The second part (the last six pages of his petition, affidavit of civil cases, and "jurat") was received by the clerk's office first, on March 3, 2026. The first part (the first five pages of his petition and a "financial disclosure/fee waiver affidavit and order") was received on March 16, 2026.

[2] This is the third time Richards has filed a petition for a writ of habeas corpus with this court relating to these underlying cases. In *State v. Richards*, 2025-Ohio-5531 (8th Dist.), Richards's petition was dismissed, sua sponte, on procedural grounds because of his failure to attach commitment papers, failure to verify the petition, failure to name the proper respondent, and failure to file affidavits required by R.C. 2969.25. He filed a second habeas petition, *Richards v. Cuyahoga Cty. Corrections Ctr. Warden Damara Shemo*, 2026-Ohio-1203 (8th Dist.), on March 13, 2026. Richards's petition in that case — which is largely duplicative of the petition filed in this case, containing similar factual allegations and procedural defects — was dismissed, sua sponte, because of the fact that Richards's claims were not cognizable in habeas corpus, the lack of commitment papers, and the petition named improper respondents. Richards has also filed habeas petitions raising similar allegations with the Ohio Supreme Court, *Richards v. Mazzone, 10/28/2025 Case Announcements,* 2025-Ohio-4853 (No. 2025-1219, summarily dismissed sua sponte), and *Richards v. Shemo, 2/17/2026 Case Announcements,* 2026-Ohio-475 (No. 2026-0015, summarily dismissed sua sponte).

(1964), the petitioner filed a petition for a writ of habeas corpus petition in which he alleged that he was arrested on a false and forged affidavit and that he was innocent of the charges. The Ohio Supreme Court ruled that the "jurisdiction of a trial court is invoked by a valid indictment and is not dependent upon the validity of the process by which the accused is originally apprehended. . . . The guilt or innocence of an accused is not cognizable in habeas corpus." *Id.* at 73. In *State v. Thorpe,* 2005-Ohio-893, ¶ 15 (10th Dist.), the Tenth District rejected allegations of police misconduct, including destruction of evidence and excessive force, as a basis for habeas relief; *see also Patrick v. Bunting*, 2017-Ohio-6954, ¶ 7 ("Habeas corpus is neither available to challenge a complaint or indictment . . . nor the appropriate vehicle to raise claims related to arrest[.]"); *State ex rel. Hadlock v. McMackin*, 61 Ohio St.3d 433, 434 (1991) (challenge to the sufficiency of indictment on the ground that it was fraudulently obtained not cognizable in habeas corpus); *Webber v. Kelly,* 2008-Ohio-6695, ¶ 8 (habeas corpus relief not available to address claims concerning sufficiency of the evidence).

{¶ 3} Richards's allegations of due-process violations, double jeopardy, prosecutorial misconduct, and judicial bias or misconduct are likewise not cognizable in habeas corpus. *See, e.g., State ex rel. Barnette v. Hill*, 2022-Ohio-2469, ¶ 8-9 (challenges to the validity of an indictment, prosecutorial misconduct, and due-process violations not cognizable in habeas corpus); *Johnson v. Crutchfield*, 2014-Ohio-3653, ¶ 6 ("[D]ouble-jeopardy claims are not cognizable in habeas corpus."); *State ex rel. Gibson v. Sloan,* 2016-Ohio-3422, ¶ 10 (petitioner's

claim that "trial court was biased against him" not cognizable in habeas corpus); *Ellis v. McMackin*, 65 Ohio St.3d 161, 162 (1992) (relief not available in habeas corpus for alleged judicial and prosecutorial misconduct); *see also Richards*, 2026-Ohio-1203, at ¶ 2-3 (8th Dist.).

{¶ 4} In addition, Richards's petition fails to attach any commitment papers. With respect to the filing of a petition for habeas corpus, R.C. 2725.04(D) states: "A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear." Thus, R.C. 2725.04(D) generally requires that all pertinent commitment papers be filed with a petition for habeas corpus. *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 6. "A petition that fails to comply with this requirement is defective and must be dismissed." *State ex rel. Davis v. Sheldon*, 2022-Ohio-2789, ¶ 7; *Richards,* 2026-Ohio-1203, at ¶ 4 (8th Dist.); *see also Brisbane v. Bedford Mun. Court Probation Dept.*, 2023-Ohio-4132, ¶ 4 (8th Dist.) ("Difficulties in obtaining records do not excuse this requirement [under R.C. 2725.04(D)]."). This defect cannot be cured by an amended filing. *State v. Cuyahoga Cty. Common Pleas Court*, 2019-Ohio-3782, ¶ 2 (8th Dist.).

{¶ 5} The petition also names an improper respondent. Habeas corpus claims can be maintained only against the jailer or warden who presently has legal custody of the individual. *Richards*, 2025-Ohio-5531, at ¶ 4 (8th Dist.), citing R.C. 2725.04(B) and *Hamilton v. Collins,* 2003-Ohio-4101, ¶ 3 (11th Dist.). Thus,

Richards's habeas corpus claim against Judge Mazzone is improper. *Richards,* 2026-Ohio-1203, at ¶ 5 (8th Dist.).

{¶ 6} Finally, Richards did not provide an inmate account statement showing the balance of his inmate account for the previous six months, certified by the institutional cashier, as required by R.C. 2969.25(C)(1). *See State ex rel. Martre v. N. Cent. Corr. Complex,* 2026-Ohio-162, ¶ 2-3, 7-10 (court of appeals did not err in sua sponte dismissing complaint where affidavit of indigency requesting waiver of court's filing fee lacked statement of inmate account certified by institutional cashier required under R.C. 2969.25(C)(1)); *State ex rel. Arroyo v. Sloan,* 2015-Ohio-2081, ¶ 4 (habeas petitioner's failure to comply with R.C. 2969.25(C)(1) in the court of appeals subjects petition to dismissal).

{¶ 7} Accordingly, we dismiss Richards's petition for habeas corpus, sua sponte. Petitioner to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

_____
ANITA LASTER MAYS, JUDGE

EMANUELLA D. GROVES, P.J., and
DEENA R. CALABRESE, J., CONCUR